{¶ 1} Defendant-appellant, Stephen Wildman, appeals from his conviction for Obstruction of Official Business. Wildman contends that the State did not present evidence sufficient to sustain the conviction and that the conviction is against the *Page 2 
manifest weight of the evidence.
 {¶ 2} We conclude that there is evidence to support a finding that the State proved every element of the offense. We further conclude that the conviction is supported by the weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} On January 24, 2007, Wildman was a patron at a local bar named Hammerjacks Club in Dayton, Ohio. While upstairs at the bar, Wildman's girlfriend, Sara Geiselman, threw a drink down upon a Dayton Police officer. Police officers attempted to arrest Gieselman. Wildman interfered with the arrest. Shortly thereafter, Wildman was arrested. He was charged with Obstruction of Justice, Resisting Arrest and Assault. The Assault charge was dismissed prior to trial.
 {¶ 4} Following a bench trial, the trial court stated on the record that Wildman was guilty of Obstruction of Justice, but was not guilty of Resisting Arrest. However, the sentencing entry merely indicates that the trial court found Wildman "guilty," and does not make any mention that the Resisting Arrest charge was not proved. From his conviction and sentence, Wildman appeals.
 II {¶ 5} Wildman's First and Second assignments of error are as follows:
 {¶ 6} "APPELLANT'S CONVICTION AND SENTENCING FOR OBSTRUCTION OF JUSTICE AND RESISTING ARREST IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS PRESENTED BY THE STATE OF OHIO. *Page 3 
 {¶ 7} "APPELLANT'S CONVICTION AND SENTENCING FOR OBSTRUCTION OF JUSTICE WAS BASED UPON INSUFFICIENT EVIDENCE."
 {¶ 8} Wildman contends that his conviction for Obstruction of Justice is not supported by sufficient evidence. He further contends that the convictions for Obstruction of Justice and for Resisting Arrest are against the manifest weight of the evidence.
 {¶ 9} We begin by noting that Wildman contends that he was convicted of both charges. As noted above, the trial court's judgment entry merely indicates that Wildman was found "guilty." However, the transcript indicates that the trial court convicted Wildman of the Obstruction of Justice charge only. Additionally, the State's appellate brief acknowledges that Wildman was convicted only of Obstruction of Official Business. Thus, we will proceed upon the understanding that Wildman was acquitted of Resisting Arrest.
 {¶ 10} We next turn to the issue of whether the State presented evidence sufficient to convict Wildman of the charge of Obstruction of Official Business and whether the conviction is against the manifest weight of the evidence.
 {¶ 11} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether *Page 4 
such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 12} In contrast, when reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." Thompkins, supra, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 13} R.C. 2921.31, the Obstruction statute, states in pertinent part as follows:
 {¶ 14} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 15} The record in this case contains evidence that the police officers attempted to arrest Geiselman and that Wildman attempted to stop them. There is evidence in the record demonstrating that when the officers tried to detain Geiselman, Wildman stepped between the officers and Geiselman and pushed Officer Sweat out of the way. There is also evidence that he then yelled, "[d]on't fucking touch her," and attempted to lunge at Detective St. Clair. The record also shows evidence that when Officer Sweat attempted *Page 5 
to stop him from interfering with Detective St. Clair, Wildman pushed Sweat into the wall.
 {¶ 16} We conclude that, based upon this record, a rational trier of fact could find that the State proved all the elements of the charge of Obstructing Official Business.
 {¶ 17} This same evidence also compels us to conclude that the conviction is not against the weight of the evidence. Wildman's argument concerning the weight of the evidence hinges upon his claim that the State's witnesses were not credible. However, we note that the issue of credibility is primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "Because the trier of fact sees and hears the witnesses and is particularly competent to decide `whether, and to what extent, to credit the testimony of particular witnesses,' we must afford substantial deference to its determinations of credibility." In re J. S., Montgomery App. No. 22063,2007-Ohio-4551, ¶ 50, quoting State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. We find nothing inherently incredible in the testimony from the State's witnesses. Therefore, we defer to the trial court's findings in that regard.
 {¶ 18} Both of Wildman's assignments of error are overruled.
 III {¶ 19} Both of Wildman's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1